# UNITED STATES DISTRICT COURT
для for the

Central District of California

| | |
|---|---|
| IVAN RUEDA, an Individual, <br><br> *Plaintiff(s)* <br><br> v. <br><br> UNITED STATES OF AMERICA, a governmental entity; UNITED STATES DEPARMENT OF JUSTICE, a governmental entity; MERRICK GARLAND, an individual; and DOES 1 through 60, <br><br> *Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

US ATTORNEY:
Civil Process Clerk
United States Attorney's Office
Federal Building
300 N. Los Angeles Street, Suite 7516.
Los Angeles, California 90012

ATTORNEY GENERAL OF THE US
Department of Justice
Room 5111
10th Constitution Avenue, NW
Washington D.C. 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JILBERT TAHMAZIAN
TAHMAZIAN LAW FIRM P.C.
1518 West Glenoaks Blvd.
Glendale, CA 91201

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print   Save As...   Reset

**Jilbert Tahmazian, Esq. (SBN 143574)**
Justin Tahmazian, Esq. (SBN 316271)
Anthony J. Tahmazian, Esq. (SBN 337041)
Dr. Armin Abazari, DPM, Esq. (SBN 335410)
**TAHMAZIAN LAW FIRM, P.C.**
1518 West Glenoaks Blvd.
Glendale, CA 91201
T: (818) 242-8201
F: (818) 242-8246

Attorney's for Plaintiff,
IVAN RUEDA

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RUEDA, an Individual,<br><br>Claimant,<br><br>v.<br><br>UNITED STATES OF AMERICA, a governmental entity; UNITED STATES DEPARMENT OF JUSTICE, a governmental entity; MERRICK GARLAND, an individual; and DOES 1 through 60,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **42 USC § 1983-EIGHTH AMENDMENT SUBSTANTIAL RISK OF HARM**<br>2. **42 USC § 1983-EIGHTH AMENDMENT DELAY, DENIAL AND WITHOLDING OF MEDICAL CARE**<br>3. **COMMON LAW NEGLIGENCE**<br>4. **NEGLIGENT UNDERTAKING**<br>5. **42 USC § 1983-FIFTH AMENDMENT**<br><br>**[JURY TRIAL DEMANDED]** |

**COMPLAINT**

**I.     INTRODUCTION**

1. The forgoing action is for equitable and money damages on behalf of plaintiff IVAN RUEDA ("plaintiff"). The action arises out of inhumane confinement of, and deprivation of, adequate medical care for IVAN RUEDA. IVAN RUEDA as a direct result of inexcusable neglect and appalling conditions at the San Bernardino County West Detention Center that resulted in the loss of all of his vision in his right eye and substantially reduced vision in the left eye, comprising of hand motions.

//

## II. JURISDICTION AND VENUE

2. This action is governed by the Civil Rights Act pursuant to 42 U.S.C. §1983, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction over Plaintiff's claim under the Fifth, Eighth, Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. §1983, and 28 U.S.C. §-§1331, 1343, et seq.

4. Plaintiff's state and federal claims arise from common nucleus of operative facts. Therefore, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367.

5. Venue is proper under 28 U.S.C. §1391 (b), because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in this district.

6. Venue is founded in this judicial district upon 28 U.S.C. §1391 as the acts complained of arose in this district.

## II. PARTIES

### *Plaintiffs*

7. Ivan Rueda ("Ivan") was at all times relevant to these claims a resident of the County of San Bernardino and a citizen of the state of California. While in custody, Ivan suffered the loss of all of his vision in his right eye and substantially reduced vision in the left eye, comprising of hand motions.

### *Defendants*

8. The United States of America ("USA") is the federal government, who is the proper defendant pursuant to 28 U.S.C. to §2679(b)(1) for claims for money damages arising from or out of a negligent or wrongful act and/or omission of any federal employee committed within the course and scope of their employment. The United States Department of Justice ("DOJ") is a cabinet department of the USA acting to enforce its laws. The DOJ, through its officers, officials, agents and/or employees, is responsible for enforcing the nations laws.

GOVERNMENT DAMAGES

9. MERRICK GARLAND, is an individual who, at all times relevant, served as the United States Attorney General and was responsible for advocating, ensuring, establishing, undertaking, providing and/or enforcing policy, practices and/or procedures, which resulted in the confinement of the named Plaintiff, and subsequently lead to the named Plaintiff's injuries herein alleged.

10. Under the Doctrine of *Respondent Superior*, the United States is liable for the conduct of its employees, and persons responsible for giving care given on its behalf to persons committed to custody for federal crimes, to which at all relevant times was were within the courses and scope of their employment.

### III.  PROCEDURAL REQUIREMENTS

11. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12. Plaintiffs filed a timely claim pursuant to 28 United States Code § 2401 *et. seq.* Plaintiff is awaiting final disposition of those claims herein. This lawsuit has been filed within the two year statutory period and is timely.

### IV.  BACKGROUND/ FACTUAL ALLEGATIONS

13. On April of 2018, Mr. Rueda underwent his first surgery for an "acute retinal detachment" after noticing "loss of vision" and "increasing floaters" in his eyes within the span of 4-5 days.

14. On September of 2018, Mr. Rueda had has second retinal detachment surgery after his vision continued to be "still not well."

15. On March 14, 2019, while Mr. Rueda's family was still trying to gather the bond amount, the Probation Department filed a probation violation against Mr. Rueda

16. On March 19, 2019, Ivan Rueda was order to detention.

3
GOVERNMENT DAMAGES

17. Despite defense counsel's earnest efforts to impress upon the Court the seriousness and urgency of Mr. Rueda's eye condition, the U.S. Attorney's office zealously urged for Mr. Rueda's confinement.

18. The United States Attorney's office held out that the standard of care Mr. Rueda would receive while in BOP custody—in the San Bernardino prison—would be adequate for his condition.

19. While in custody, Mr. Rueda was deprived of his eye medication that his delicate state required.

20. While in custody, Mr. Rueda was deprived of the surgical treatment that his delicate state required.

21. While in custody, Mr. Rueda was deprived of care and attention that his delicate state required.

22. Dr. Roger L. Novack—Ivan's primary ophthalmologist dated 04/03/19, stated that "Rueda has undergone multiple ocular surgeries in both eyes for severe proliferative diabetic retinopathy."

23. Dr. Roger L. Novack—Ivan's primary ophthalmologist dated 04/03/19, stated that Mr. Rueda had "tractional retinal detachments," and "severe ischemia."

24. Dr. Roger L. Novack—Ivan's primary ophthalmologist dated 04/03/19, indicated that without "careful follow-up care with tight control of his blood sugars," that Mr. Rueda would suffer permanent and irreparable blindness.

25. Dr. Roger L. Novack—Ivan's primary ophthalmologist dated 04/03/19, based on Mr. Rueda fragile condition that he be released from incarceration so that he could be adequately cared for to mitigate and/or prevent his conditions progression.

26. On 05/01/2019, Dr. Roger L. Novack noted that Mr. Rueda's condition had rapidly deteriorated to where he was—and had been since at least April 2019—legally blind.

27. On 05/01/2019, Dr. Roger L. Novack noted that from Mr. Rueda's last visit, Mr. Rueda "had not had adequate medical or surgical care."

28. On 05/01/2019, Dr. Roger L. Novack noted that Mr. Rueda's "visual prognosis is extremely guarded and generally poor," and "Mr. Rueda was incarcerated and has not been getting adequate ocular care."

29. On 05/01/2019, Dr. Roger L. Novack noted that Mr. Rueda was deprived of adequate medical care that "Mr. Reuda was not given his drops and there is no plan to re-operate his eyes."

30. Adequate medical care and treatment would include eye operations and eye drops.

31. On 05/01/2019, Dr. Roger L. Novack noted that "the timing of the surgeries is critical, as waiting too long may make it impossible to bring back useful vision."

32. The DEFENDANTS were on notice of Mr. Rueda's medical condition.

33. Mr. Rueda's condition was observable and readily identifiable.

34. The DEFANDANTS were on notice of the serious nature of Mr. Rueda's medical condition.

35. DEFENDANTS inaction was a proximate and legal cause of Mr. Rueda's current state of sightlessness.

36. On July 12, 2019, Mr. Rueda was transported to Arrowhead Regional Meidcal Center to be seen for his eyes.

37. On July 12, 2019, Dr. Kris J. Storkersen stated that Mr. Rueda needed "retina surgery ASAP" for removal of Silicone Oil.

38. On July 12, 2019, Dr. Kris J. Storkersen noted that in the clear and present fact that Mr. Rueda had a prescription for Latanoprost eye drops for his ocular hypertension, Mr. Rueda had gone an entire week without having received this medication.

39. On July 12, 2019, Dr. Kris J. Storkersen seconded Dr. Novack's finding that Mr. Rueda needed surgery on his eye as soon as possible or any chance of saving his already limited eyesight was gone.

40. On July 15, 2019, Dr. Novack wrote "it is important to note that [the Metropolitan Detention Center] is unlikely to have retinal care," suitable to support Mr. Rueda's dire and time sensitive circumstance.

41. On July 15, 2019, Dr. Novack made a clear finding, based on his professional opinion, that Mr. Rueda would suffer "permanent blindness without aggressive and careful follow-up care."

42. On July 15, 2019, Dr. Novack noted that this is the problem with County Hospital care because "surgeons are fellows, not fully trained, and the volume precludes precise and careful follow-up care.

43. On July 15, 2019, Dr. Novack noted that County Hospital care "delays can lead to significant permanent visual loss."

44. On August 12, 2019 Mr. Rueda was taken to a hospital to undergo surgery; however, Mr. Rueda did not get the proper medical follow-up he needed to maintain his eyesight while he was in custody.

45. Mr. Rueda was provided eye drops by his doctor to administer to himself regularly and those drops were taken away from him as he went back to his cell, never to be administered thereafter.

46. Had Mr. Rueda been administered those medications, the blood pressure in his eyes would not have elevated to such a level to have caused irreversible and irreparable damage to his eyes.

47. On December of 2019, Dr. Daniel Su noted that Mr. Rueda is "legally blind," and that "will be the case indefinitely and is unlikely to improve."

48. As a result of DEFENDANTS failure to perform their legal duties in providing adequate medical care, Mr. Rueda suffered severe and permanent damage to his vision.

49. As a result of DEFENDANTS failure to perform their legal duties in not releasing Mr. Rueda so that he can seek adequate medical treatment, Mr. Rueda suffered severe and permanent damage to his vision.

50. All DEFENDANTS are employees of the United States.

51. All DEFENDANTS were acting within the scope of their employment.

52. The DEFENDANT'S lack of internal oversight has allowed a culture of utter disregard and carelessness for person's within custody.

53. The DEFENDANT'S created a culture of utter disregard and carelessness for person's within their custody or control, which resulted in Mr. Rueda being detained and denied adequate medical attention, care and treatment.

## V. FIRST CAUSE OF ACTION
*Violation of Civil Rights* [42 U.S.C. §1983] eighth amendment fourteenth amendment in a *substantial risk of serious harm*
*(By Plaintiffs against all Defendants)*

54. Plaintiff hereby incorporates all other statements made anywhere within this complaint herein to this cause of action.

55. While imprisoned, Mr. Rueda was denied medical treatment such as eye medication and surgical treatment.

56. 42 U.S.C. §1983 provides that every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

**GOVERNMENT DAMAGES**

57. The Eighth Amendment of the United States Constitution prohibits:

    "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

58. Defendants failure to act created a substantial risk of serious harm to Mr. Rueda's health or safety in the loss of all vision in his right eye and sees only hand motions in his left eye.

59. Defendants knew that their failure to act created a substantial risk of serious harm to Mr. Rueda's health or safety.

60. Defendants disregarded the risk by failing to take reasonable measures to address it.

61. There was no reasonable justification for the Defendants Merrick Garland and United States Department of Justice's failure to act.

62. Defendants were performing their official duties when they failed to act.

63. Plaintiff Mr. Rueda was harmed and Defendants Merrick Garland and United States Department of Justice failure to act was a substantial factor in causing harm, such as the loss of all vision in his right eye and sees only hand motions in his left eye.

### VI.  SECOND CAUSE OF ACTION
*Violation of Civil Rights* [42 U.S.C. §1983] eighth amendment and fourteenth amendment in *denial, delay, and withholding of medical care*
*(By Plaintiff against all Defendants)*

64. Plaintiff hereby incorporates all other statements made anywhere within this complaint herein to this cause of action.

65. 42 U.S.C. §1983 provides that every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

GOVERNMENT DAMAGES

66. The Eighth Amendment of the United States Constitution prohibits:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

67. Deliberate indifference to medical needs remains the touchstone of constitutionally proper medical care within the prohibition against cruel and unusual punishment for custodial inmates convicted. The conduct Plaintiffs alleges herein and hereunder constituted such cruel and unusual punishment.

68. The Supreme Court has held that a prison official can only be liable for violations of Eighth Amendment if he acts with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety." The Fifth Circuit has adopted the *Farmer* formulation for a prison official's deliberate indifference towards inmates' and detainees' right to medical care and protection from harm, which is at issue in this case. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633 647 (5th Cir. 1996).

69. Deliberate indifference has two parts:

    a. The official was subjectively aware of the risk of harm, and second, the official must disregard that risk by failing to take reasonable measures to abate it. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016)

    b. The official must respond with deliberate indifference to that risk.

70. Upon information and belief, Defendants acted with deliberate indifference in disregarding decedents health and safety.

71. Inadequate medical care for any individual facing trial constitutes punishment in violation of the due process of law, and even for the convicted, constitutes cruel and unusual punishment. Deliberate indifference to medical needs remains the touchstone of constitutionally proper medical care within the prohibition against cruel and unusual punishment for custodial

9
**GOVERNMENT DAMAGES**

inmates convicted. The conduct Plaintiffs alleges herein and hereunder constituted such cruel and unusual punishment.

72. Mr. Rueda had a clear and present serious medical need in the Latanoprost eye drops for his ocular hypertension to re-operate his eyes.

73. Defendants knew that Mr. Rueda faced a substantial risk of serious harm if his medical needs went untreated.

74. Defendants consciously disregarded that risk by not taking reasonable steps to treat Plaintiff's medical need.

75. Defendants were acting or purporting to act in the performance of their official duties.

76. Plaintiff Mr. Rueda was harmed and Defendants Merrick Garland and United States Department of Justice's conduct was a substantial factor in causing Mr. Rueda's harm.

77. The failure to treat Mr. Rueda tractional retinal detachments, severe ischemia, ocular hypertension, and proliferative diabetic retinopathy resulted in further significant injury in the permanent loss of vision and infliction of pain.

78. Upon information and belief, each individual named as Defendants herein either took part in the neglect of Decedent, or took actions to aid and abet the neglect, and each are responsible at law for their actions as well from their willful membership in conspiracy to either commit or cover-up the failure to medically treat, or delay in providing medical treatment, Mr. Rueda.

79. Defendants in not providing adequate care to Plaintiff Mr. Rueda and properly supervising Mr. Rueda with the knowledge of his medical conditions was the direct cause of Mr. Rueda's loss of vision and blindness.

80. For these harms to a person, as the proximate cause of this Plaintiff hereby seeks all relief and remedy to which law and equity will so entitle, and the protection against such future injury to innocent third parties by these actors to the extent the law will so afford, including punitive damages.

## VII.    THIRD CAUSE OF ACTION
*Common Law Negligence*
*(By Plaintiff against all Defendants)*

81. Plaintiffs realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

82. Defendants acting within his scope of their duties as United States Department of Justice employees, caused Mr. Rueda's loss of vision and blindness.

83. Defendants are hereby liable for the acts, omissions and conduct of its employees, including Defendants herein, whose negligent conduct was a cause in Mr. Rueda's loss of vision and blindness, pursuant to 28 United States Code §1346(b) *et. seq.*

84. Plaintiffs filed a timely claim pursuant to 28 United States Code § 2401 *et. seq.* Plaintif is awaiting final disposition of those claims herein. This lawsuit has been filed within the two year statutory period.

85. Plaintiffs are the proper party with standing to pursue their remedies for bodily injury against Defendants, and each of them, including pecuniary loss and other compensable injuries.

86. As a further direct result of the acts, omissions, negligence conduct and/or reckless disregard for the safety of Plaintiff Mr. Rueda, Defendants, and each of them, Plaintiffs have incurred costs, in an amount according to proof at the time of trial.

## VIII.    FOURTH CAUSE OF ACTION
*Negligent Undertaking*
*(By Plaintiff against all Defendants)*

87. Defendants knowingly, willingly, and voluntarily, rendered the services of detention to Mr. Rueda pursuant to 18 U.S.C. §3142.

88. As part of that service, pursuant to 18 U.S.C. §3142, Defendants knowingly, willingly, and voluntarily accepted to render medical aid should Mr. Rueda require it.

89. These services of medical care—such as including but not limited to, follow-up care with tight control of his blood sugars, eye drops, a plan to re-operate—were of the kind that Defendants

Merrick Garland and United States Department of Justice should have recognized as needed for the protection of Mr. Rueda's health and well being.

90. Defendants were on notice that Mr. Rueda "had not had adequate medical or surgical care" and a fragile medical condition.

91. Defendants held out that the standard of care Mr. Rueda would receive while in BOP custody—in the San Bernardino prison—would be adequate for his condition and further urged his confinement, over Mr. Rueda's numerous objects that he would not be provided adequate treatment.

92. Defendants failed to exercise reasonable care in rendering these services.

93. Defendants failure to exercise reasonable care to provide careful follow-up care with tight control of his blood sugars, failure to release Mr. Rueda from incarceration so that he could be adequately cared to mitigate and/or prevent his conditions progression, failure to give Mr. Rueda the eye drops, and the failure to re-operate him in a timely manner was a substantial factor in causing harm to Mr. Rueda.

94. Defendants failure to use reasonable care to provide careful follow-up care with tight control of his blood sugars, failure to release Mr. Rueda from incarceration so that he could be adequately cared to mitigate and/or prevent his conditions progression, failure to give Mr. Rueda the eye drops, and the failure to re-operate him in a timely manner, all added to Mr. Rueda risk of harm in losing vision and becoming legally blind.

95. Mr. Rueda suffered harm losing vision and becoming legally blind because Mr. Rueda relied on Defendants, while under their detention, to provide services of adequate medical treatment, care, and services, such as, including but not limited to, follow-up care with tight control of his blood sugars, eye drops, a plan to re-operate.

//
//

## IX. FIFTH CAUSE OF ACTION
*Violation of Civil Rights* [42 U.S.C. §1983] fifth and fourteenth amendment
*(By Plaintiff against all Defendants)*

96. Plaintiff realleges and incorporates by reference that allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

97. 42 U.S.C. §1983 provides that every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

98. The condoning of misconduct, and the failure to end this policy, pattern, practice, and custom was a proximate cause of Decedent's complete loss of vision and becoming legally blind.

99. Pursuant to 42 U.S.C. § 1983, the Decedent had a firmly established a right to proper eye health supervision and care.

100. As alleged herein and above, Defendant Does 1 through 30 failed to take essential steps to supervise and care for Mr. Rueda in spite of knowledge that Decedent had eye health issues.

101. Defendant Does 1 through 30 were at all relevant times employed by the United States, provided care on behalf of the United States, provided supervision on behalf of the United States, contracted to provide care for the United States, or contracted to provide supervision for the United States, and acted under color of law to deprive Plaintiff's constitutionally protected rights including but not limited to, the right to substantive due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

102. As alleged herein and above, Defendants failure to properly supervise and provide necessary, minimal, timely eye care and treatment for Mr. Rueda in violation of Plaintiff's Fifth and

Fourteenth Amendment rights constituted a deliberate indifference to Plaintiff's well-being and safety.

103. The Conduct alleged herein violated Mr. Rueda's right alleged above which has legally, proximately, foreseeably and actually caused Plaintiffs to suffer general and special damages according to proof.

104. Plaintiffs are also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988 *et seq.*

## X. JOINT LIABILITY

105. At all times herein mentioned, Defendants, and each of them, herinabove, were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratifies and approved the acts of each for the remaining Defendants. Each of the Defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/here/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

106. Mr. Rueda is without fault for the incidents that from the basis for this lawsuit and therefore Defendants are jointly and severally liable to Plaintiffs for their conduct. Further Defendants were acting in concert and or acting as agents or servants of each other.

//
//

## XI. DAMAGES

107. Defendant's actions and omissions proximately caused Plaintiffs' damages, and entitle Plaintiffs to monetary relief including compensatory damages, punitive damages, and attorney's fees and costs.

108. Plaintiffs seek damages for the following: damages for bodily injury in the complete loss of vision in one eye and reduced vision in the other eye, mental and physical emotional distress, anguish, anxiety; and for Mr. Rueda's general damages including anxiety and fear arising out of the peril to which Plaintiff was subjected, and Mr. Rueda's awareness of his impending blindness, along with his mental and physical pain and suffering arising from the impact and severe trauma experiences by him; and for the destruction of Plaintiff's earning capacity and financial loss; and any other damages available under any other applicable law.

## XII. JURY DEMAND.

109. Plaintiffs hereby request a jury trial in this matter.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Special Damages in an amount to be proven at the time of trial;

B. Special Damages for destroyed income and earning capacity of Decedent occasioned by his complete loss of vision in one eye, and legal blindness;

C. General Damages for past and future;

D. General damages for the pain and suffering;

E. General damages in an amount to be determined at trial to Plaintiff against all defendants, jointly and severally;

F. Punitive damages against all Defendants jointly and severally sufficient to punish them and to deter further wrongdoing;

G. All other general and special damages recoverable under Federal and California state law, or any other law deemed applicable by the court;

H. Attorneys' fees pursuant to 42 U.S.C. §1988;

I. Costs of suit herein;

J. Any and all other and further relief as the Court deems just and proper.

Dated: 8-18-2021

Scrivener: Dr. Armin Abazari, DPM, Esq.
             Associate.
**TAHMAZIAN LAW FIRM, P.C.**

By: _____
Jilbert Tahmazian, Esq.
Attorney for Claimant
Ivan Rueda
As an individual.